UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1285-JBM |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and currently incarcerated at the Menard Correctional Center ("Menard"), files a complaint under 42 U.S.C. § 1983, alleging excessive force and violations of due process at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff pleads that on August 4, 2019, he was in the Pontiac East House General Population Yard ("Big Yard."), apparently with at least 45 other inmates. Plaintiff heard an inmate crying for help and saw that he was being stabbed by another. Plaintiff intervened and

1

was hit by a third inmate and knocked unconscious. Plaintiff asserts that he was thereafter severely beaten by multiple inmates. Plaintiff has provided an August 4, 2019 Adjustment Committee Final Report which documents the event, indicating that multiple offenders were fighting and that a warning shot had to be fired to quell the disturbance. [ECF 1 at 25].

Plaintiff alleges that he went in and out of consciousness at least five times after the beating. During one period of lucidity, he claims that he was maced in the face by an unidentified female guard even though he was in an "unmistakable and undeniable state of unconsciousness." Plaintiff alleges that the Jane Doe officer jumped on his back and punched the right side of his face and head. The officer extended Plaintiff's arms and upward while attempting to handcuff him. Plaintiff began screaming that his arms would break and felt both of his arms snap at the elbows. Plaintiff lost consciousness and when he came to, he was on his knees with his face slammed against a chain link fence. Plaintiff claims that in addition to fracturing his elbows, the Jane Doe Officer dislocated his right elbow and both of his shoulders.

Plaintiff lost and gained consciousness again, finding that he was lying on a medical exam table in the Pontiac healthcare unit. A nurse there told him that they had to set both of his shoulders as they had been dislocated. Plaintiff claims, however, that the records from the hospital to which he was taken did not document the dislocation so, "I don't know." Plaintiff asked to have the handcuffs removed and, while the Tact Team officers initially refused, they did so, based on the nurses' recommendation.

Plaintiff was thereafter taken by ambulance to the Saint James Hospital emergency room. Diagnose diagnostic tests were done which documented a fracture to the left elbow with a fracture and dislocation of the right elbow. Plaintiff claims to have suffered residual nerve damage in his right arm as a result. On August 5, 2019 , Plaintiff was transferred to the OSF

Saint Francis Medical Center in Peoria. There, he was diagnosed as having suffered a concussion.

On August 7, 2019, Plaintiff was transferred to Menard, where he spent three weeks in the infirmary. Plaintiff alleges that he was thereafter unjustly placed in three months segregation due to the August 4, 2019 incident. As noted, Plaintiff has provided the August 4, 2019 Adjustment Committee Report which documents that Plaintiff was found guilty of 105-Dangerous Disturbances; 214- Fighting; and 313-Disobeying a Direct Order. He was sentenced to 3 months demotion to C Grade, 3 months in segregation and 3 months of commissary restrictions.

Plaintiff admits that he is unable to identify the Jane Doe Officer but claims that video evidence and the testimony of inmate eyewitnesses, currently unidentified, will substantiate his claim. Plaintiff names Rob Jeffreys, the Acting Director of the Illinois Department of Corrections ("IDOC"), Warden Teri Kennedy, Security Warden Melvin French and John and Jane Doe Officers. Plaintiff alleges claims of excessive force and violations of due process. He requests injunctive relief, the expungement of the disciplinary conviction; and compensatory and punitive damages.

## ANALYSIS

In claims of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Here, Plaintiff alleges that the Jane Doe Officer maced and severely injured him even though he was only semi-

conscious and incapacitated. As Plaintiff pleads that the Defendant Officer used force which was not necessary to restore or maintain discipline, he may proceed in an excessive force claim against the Jane Doe Defendant.

Plaintiff names other unidentified John and Jane Doe officers but only pleads against the single Jane Doe officer who maced and injured him. As a result, the remaining Doe Defendants are dismissed. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim).

Plaintiff names IDOC Director Jeffreys, Warden Kennedy, and Security Warden French but does not plead any claims against them. *See id.* at 334. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Furthermore, to the extent that Plaintiff seeks to proceed against them due to their supervisory role over others, the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendants Jeffreys and French are DISMISSED. Defendant Kennedy will remain for the sole purpose of aiding in identifying the Jane Doe Defendant. *See Donald v Cook Co. Sheriff's Dept.*, 95 F.3d 548, 557 (7th Cir. 1996) (district courts are to aid pro se litigants in identifying Doe defendants). After the Jane Doe is identified, Defendant Kennedy may move to be dismissed.

Plaintiff also alleges a violation of due process in the fact that he was convicted at disciplinary hearing without identifying any due process rights infringed. An inmate is entitled to due process before he is deprived of a constitutionally protected liberty interest. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002). If a cognizable liberty or property interest is involved, constitutional due process must be provided before those interests can be constrained.

*Wilson v. Hardy*, No. 11-743, 2011 WL 976558, at *3 (N.D. Ill. Mar. 14, 2011). Here, however, Plaintiff has failed to identify a protected liberty or property interest in the fact that he was sentenced to segregation, demoted to C Grade and lost commissary privileges. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir.2000) (a prisoner does not have a protected liberty interest in not being placed in segregation). *See Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (demotion to C grade status does not implicate constitutional interest). *Id*. at 761 citing *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995) (due process did not apply where "the length of the inmate's sentence was not affected and that there was no indication that the treatment the inmate received in disciplinary segregation was substantially different than that experienced by inmates confined under other forms of discretionary segregation). Accordingly, Plaintiff's due process claim is DISMISSED without prejudice to Plaintiff seeking the Court's approval to amend the due process claim upon motion, providing a copy of the proposed amendment for the Court's review in deciding whether to allow the filing of the amended complaint.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the excessive force claim asserted against the Jane Doe Defendant. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Jeffreys, French and the remaining Jane and John Doe Defendants are DISMISSED. Defendant Warden Kennedy will remain for the sole purpose of aiding in identifying the Jane Doe Defendant after which time she may be dismissed.

2. Plaintiff files [5] and a supplement at [6], seeking the recruitment of pro bono counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In determining

whether the Court should attempt to find an attorney to voluntarily take a case, the question is whether the plaintiff appears competent to litigate his own claims. *Pruitt* at 655. Here, Plaintiff alleges excessive force exerted by a single individual. This claim does not appear overly complex and at this juncture, it appears that Plaintiff can proceed on his own. [5] is DENIED.

   3. The Clerk is directed to send to Defendant Kennedy pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

   4. If Defendant Kennedy fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

   5. If Defendant Kennedy no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

   6. Defendant Kennedy shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

   7. Plaintiff shall serve upon a Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall

also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendant Kennedy is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| 12/1/2020 | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |